**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1440**

HENRY WILLIAMS, II,

        Plaintiff - Appellant,

    v.

PITT COUNTY BOARD OF EDUCATION; PITT COUNTY SCHOOLS,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:18-cv-00032-BR)

Submitted:  July 16, 2019                     Decided:  July 18, 2019

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Henry Williams, II, Appellant Pro Se.  Deborah R. Stagner, THARRINGTON SMITH LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Williams, II, seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing for failure to state a claim Williams' complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018), and the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 2018). Specifically, the court dismissed with prejudice Williams' discrimination claims and dismissed without prejudice his retaliation and hostile work environment claims. We may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Because nothing in the district court's order foreclosed the possibility that Williams could cure the pleading deficiencies in his complaint with respect to the hostile work environment claim, *see Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015) (holding that this court lacks jurisdiction over appeals "in cases in which the district court granted a motion to dismiss for failure to plead sufficient facts in the complaint . . . because the plaintiff could amend the complaint to cure the pleading deficiency"), we conclude that the court's order is not a final order appealable under 28 U.S.C. § 1291. Thus, we lack jurisdiction over the appeal.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court with instructions to allow Williams to amend his hostile work environment claim. *See Goode,* 807 F.3d at 630. We dispense with oral argument because the facts

2

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*